

NUMBER 13-08-00045-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAVID DE LOS RIOS,**                                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

**On appeal from the 28th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

In 2005, David De Los Rios was indicted for two counts of sexual assault enhanced by the allegations that he was a habitual felony offender. TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2008). As part of a plea agreement, he pleaded guilty to one count of sexual assault and was placed on deferred adjudication community supervision for ten

years.  He also pled "true" to the two enhancement allegations in the indictment.

In November 2007, the State moved to revoke De Los Rios community supervision for failure to comply with the terms.  De Los Rios answered true to all counts in the motion except for one.  After a hearing, the trial court found that he had violated his community supervision and adjudicated him guilty.  The trial court further found that he was a habitual felony offender and sentenced him to 25 years imprisonment in the Texas Department of Criminal Justice.  De Los Rios's appellate counsel, concluding that there are no arguable grounds to be advanced on appeal, filed an *Anders* brief in which she reviewed the merits, or lack thereof, of the appeal.  We affirm.

## I. DISCUSSION

### A. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 2nd day of July, 2009.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.